# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEVEN A. THOMPSON,

    **Plaintiff,**

v.

    Civil Action 2:16-cv-546
    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth Pl Deavers

COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

## OPINION AND ORDER

On December 26, 2017, Plaintiff filed an Application for an Award of Attorney's Fees and Costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requesting an award to Plaintiff of attorney's fees and expenses in the amount of $7,889.47. (*Pl. Mot.*, ECF No. 23.) This Application was accompanied by the appropriate documents detailing and supporting counsel's fee rate, hours spent on obtaining a remand in this case, and expenses. On January 5, 2018, Defendant filed a Response (*Def. Resp.*, ECF No. 24), asserting that Plaintiff's motion for an award of attorney's fees and expenses should be denied "because the single issue necessitating remand was not so pervasive as to render the Commissioner's overall position unreasonable." (*Id.*, at p. 1.) Plaintiff, in turn, filed a Reply (*Pl. Reply*, ECF No. 25.)

### I.

The EAJA states, in relevant part: (A) Court shall award to a prevailing party other than the United States fees and other expenses…, unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A). The party seeking the fees must file the application in a timely

manner, must demonstrate that he is a prevailing party, must allege that the position of the United States was not substantially justified, and must provide the basis for the award requested. 28 U.S.C. §2412(d)(2)(B). The government's position is substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This standard "means, of course, more than merely undeserving of sanctions for frivolousness"; and is not different from having "a reasonable basis both in law and fact." *Id.* (internal quotation marks omitted). Remand "alone," which occurs when the ALJ's decision was not "supported by substantial evidence," does not necessarily require an award of fees because the remand standard is not the equivalent of a finding that the government's position was not substantially justified. *Couch v. Sec'y of HHS*, 749 F.2d 359, 360 (6th Cir. 1984).

On the other hand, where the government defends an ALJ decision that was reached by selectively considering the evidence, its position is not substantially justified. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "[T]he [g]overnment bears the burden of proving that a given position was substantially justified, and it discharges that burden by proving that the position had a reasonable basis both in law and fact." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, at 725-26 (internal citation and quotation marks omitted).

## II.

As this Court explained in its earlier Opinion and Order (*Opinion & Order*, ECF No. 21), this case concerns a claimant "described by all medical providers of record as suffering from psychosis (hearing voices), personality disorder, and repeated psychiatric hospitalizations. (Thirteen days at Twin Valley Psychiatric, 2013; Netcare Emergency Services, 2013)." (*Opinion & Order*, ECF No. 21, at p. 3.) The specific issue before the Court was whether the

2

ALJ properly relied upon the opinion of the vocational expert in finding that the claimant was capable of performing jobs that exist in significant numbers. In remanding this case, the Court found that the ALJ's finding was not substantially supported in the record, because there was no discussion of the claimant's limitations with regard to interaction with supervisors in a work environment:

> In the case at bar, the basis for the ALJ's conclusions and the vocational expert's opinion testimony derived solely from the report of Dr. Meyer. As noted, Dr. Meyer described two very different limitations. First, the claimant would be limited to simple and moderately complex routine work "with oral/hands on training with supervision if needed." Second, he is limited to "at most intermittent/occasional interactions with <u>supervisors</u> and some co-workers." [Emphasis added.]
>
> Neither the ALJ nor the vocational expert addressed Dr. Meyer's view that the claimant could only have at most intermittent or occasional interactions with supervisors. The ALJ and vocational expert mentioned only sporadic interaction with co-workers, not supervisors. And Dr. Meyers also opined that the claimant would need training by a supervisor to complete routine work, given his problems with concentration.
>
> In summary, the Court cannot determine whether the vocational expert or the ALJ would have reached the same conclusion had all of the limitations described by Dr. Meyer been considered. Given that the claimant hears voices, suffers from schizoaffective disorder, and has virtually no social relationships, whether he can work with regular intervention by a supervisor, or in a job with very little supervision, is key to a decision in this case. The ALJ erred in omitting the limitations described by Dr. Meyer.

(*Opinion & Order*, ECF No. 21, at p. 5.)

Defendant asserts that "the Court found the issue regarding Plaintiff's ability to interact with supervisors to be the sole error necessitating remand." (*Def. Response*, ECF No. 24, at p. 4.) However, *Pierce* does not reduce the "substantially justified" standard to a matter of comparing the number of successful claims to unsuccessful claims in a single appeal. Rather, the question is whether the government's litigating position *in opposing remand* is "justified to a

degree that could satisfy a reasonable person" and whether it was supported by law and fact. *Pierce*, 487 U.S. at 565; *see also Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (explaining that the government's posture on the case must be considered as an inclusive whole). Defendant further asserts that "[t]his single error is solely one of articulation, which supports that fact that the Commissioner's position was substantially justified." (*Def. Resp.*, ECF No. 24, at p. 5.) "Here, it was imminently reasonable for the Commissioner to defend the ALJ's decision where her error was a failure to explain consideration of part of Dr. Meyer's opinion." (*Id.*)

On the other hand, Plaintiff asserts that the government's litigating position in opposing remand was not supported by the facts:

> Here, as far as having a reasonable basis in fact, the Court's final Order is clear. That Order explains how and why the factual evidence of record was uncontradicted, and that the evidence relied upon included limitations that were inconsistent with the hypothetical posed to the vocational expert. As such, the ALJ's findings, and the Commissioner's defense of such findings, are not supported by a reasonable basis in fact. The factual position is not substantially justified.

(*Pl. Reply*, ECF No. 25 at p. 2.) Additionally, Plaintiff asserts that the government's litigating position in opposing remand was not supported by the law:

> Moreover, there can be no reasonable basis in law either. The ALJ's decision was solely based on the report of Dr. Meyer. The Commissioner does not dispute this. As such, the ALJ had a duty to explain how any material inconsistencies or ambiguities in the evidence were considered and resolved. SSR 96-8p. Additionally, the residual functional capacity assessment must always consider and address medical source opinions, and if the ALJ's residual functional capacity determination conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *Id.* Furthermore, an ALJ has a duty to explain why certain limitations were overlooked due to the significant weight that was given medical source opinions. *Stacey v. Comm'r of Soc. Sec.*, 451 F.App'x 517, 518-520 (6th Cir. 2011); *See Fleischer v. Astrue*, 774 F.Supp. 2d 875, 877 (N.D. Ohio 2011) ("[T]he ALJ failed to provide a 'logical bridge between the evidence on the record and his conclusion....'") (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

(*Pl. Reply*, ECF No. 25, at pp. 2-3.)

4

The Court concurs that the errors in this case go to the heart of Plaintiff's disability claim.

> This is not a case where remand was based only on the ALJ's failure to adequately explain his findings, see DeLong[v. Comm'r of Soc. Sec.], 748 F.3d [723] at 727[(6th Cir. 2014)], or where the weight given was explained by other facts in the record, see Damron [v. Comm'r of Soc. Sec.], 104 F.3d [853] at 855–56 [(6th Cir. 1997)]. The errors go to the heart of Glenn's disability claim.

*Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 500 (6th Cir. 2014). It is uncertain whether Plaintiff's application for benefits will ultimately be granted or denied. Regardless of what happens on remand, however, Plaintiff had to retain counsel to ensure that his claim would be properly adjudicated. As the Sixth Circuit has explained, an ALJ must evaluate a claimant's disability in accordance with the applicable regulations and laws, including the requirement that the ALJ consider all evidence in the record. *See, e.g., Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir.2014). The government has failed to satisfy its burden to show that its position in support of this record was "justified in substance or in the main" or had a "reasonable basis both in law and fact." *See Pierce*, 487 U.S. at 565, 108 S.Ct. 2541.

## III.

Accordingly, Plaintiff is **AWARDED** attorney's fees, expenses, and costs in the amount of **$7,889.47**, payable to Plaintiff. If Plaintiff does not owe a debt to the United States, the Government should honor an assignment of Plaintiff's EAJA fees to his counsel.

**IT IS SO ORDERED.**

3-23-2018
DATE

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT CHIEF JUDGE**

5